IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID M. COELHO,

        Petitioner,

vs.                                                           No. CIV 98-72 LH/LFG

CAMILIO ROMERO, Warden, et.al.,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner David M. Coelho ("Coelho"), currently confined in the Roswell Correctional Center located at Roswell, New Mexico, challenges his conviction entered January 4, 1996 by the Ninth Judicial District Court in *State v. Coelho*, No. 95CR12031 (County of Curry, New Mexico). (Answer, filed March 16, 1998, Ex. A). Coelho was found guilty by jury verdict of aggravated battery, a third-degree felony. In addition, he was found to have been convicted of three prior felonies and was subject to eight years under the Habitual Offender Enhancement Act, for a total sentence of eleven years. The last three years were suspended in lieu of supervised probation. Coelho appealed and the New Mexico Court of Appeals affirmed his conviction and sentence on September 6, 1998. *Id.* (Ex. F). On October 23, 1996, the New Mexico Supreme Court denied leave to appeal the appellate court's decision. *Id.* (Ex. H).

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. Coelho raises two grounds for federal habeas review:

>Ground One:  Denial of Right to Speedy Trial

>Ground Two:  Ineffective Assistance of Counsel.

3.  Respondents move to dismiss the instant action on the ground that the petition is time barred pursuant to 28 U.S.C. § 2244(d) and *United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997).  Respondents assert that Coelho had one year from the date the New Mexico Supreme Court denied his petition for certiorari review of the Court of Appeal's affirmance of his conviction on October 23, 1996.  Under this calculation, Coelho's year ran October 23, 1997.  Respondents submit that the limitations period was tolled during the pendency of state collateral review.

Respondents submit that the matter should be tolled from March 3, 1997 through March 7, 1997 (four days) and from March 14, 1997 through March 20, 1997 (six days), for a total of ten days.  Therefore, adding ten days to October 23, 1997 would make Coelho's petition timely if filed on or before November 2, 1997.  Respondents assert that it was filed January 20, 1998, well beyond the time frame contemplated under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Alternatively, Respondents state that even if the time tolled for collateral relief runs from when the petition is filed until the date the Supreme Court denied certiorari review, or from March 3 through March 20, for a total of seventeen days, Coelho's petition is still untimely.  Respondents argue that adding seventeen days to October 23, 1997 would make the petition timely if filed by November 7, 1998.  Thus, his January 20, 1998 filing is too late.

Coelho, on the other hand, responds that the one-year period of limitations did not commence until the New Mexico Supreme Court denied certiorari review in his state habeas proceeding on

March 20, 1997, and that his petition had to be filed on or before March 20, 1998. He contends that his January 20, 1998 filing is well within the limitations' deadlines.

4. The AEDPA made several significant change to habeas corpus proceedings. Of import here, is the one-year statute of limitations on the filing of a petition for writ of habeas corpus under § 2254. The statute provides in pertinent part: a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitations period which applies in the case at bar, begins to run from the latest of either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, "[i]n § 2244, Congress expressly included the period for seeking review whether or not a petition elected to avail himself of the opportunity." *Gendron v. United States*, ___F.3.___, 1998 WL 514668*2 (7th Cir. Aug. 20, 1998)(Nos. 98-1233, 98-1291 and 98-1468), or put another way:

> [w]hen no petition for a writ of certiorari is filed with the Supreme Court, a judgment becomes final for the purposes of § 2244(d)(1) (A) when the time for filing such a petition expires, which, under Supreme Court Rule 13, is 90 days after the entry of the judgment to be reviewed.

*United States ex. rel. Gonzalez v. DeTella*, 6 F. Supp. 2d 780 (N.D.Ill. 1998); *See also Gendron*, ___ F.3d ___, 1998 WL 514668; *Flanagan v. Johnson*, ___F.3d___, 1998 WL 556280 (5th Cir. Sept. 1, 1998)(No. 97-10912); *Cox v. Angelone*, 997 F. Supp 740 (E.D. Va. 1998); *Alexander v. Keane,* 991 F. Supp. 329, 334 n.2 (S.D. N.Y. 1998). Thus, the judgment in the instant action became final on January 21, 1997, that is, 90 days after the New Mexico Supreme Court denied leave to appeal on October 23, 1996. It follows that the one-year limitations period was up on January 21, 1998 and that this time was tolled during the pendency of Coelho's state collateral proceedings. Thus, it was

3

tolled for at least ten days, making the petition timely if filed by January 31, 1998, or, arguably, for seventeen days, making the petition timely if filed on or before February 7, 1998. Here, the petition was filed January 20, 1998. The Court finds it was filed within the time frame prescribed by AEDPA. Accordingly, Respondents' motion to dismiss should be denied.

5. As a threshold matter, the Court must determine whether Coelho meets the exhaustion requirements of 28 U.S.C. § 2254. "The exhaustion requirement reflects a policy of comity whereby a federal court will not interfere with a state court conviction without giving the state courts an opportunity to correct any alleged constitutional violations." *Hernandez v. Starbuck*, 69 F.3d 1089, 1091 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 1855 (1996). The court in *Gaylor v. Harrelson*, 962 F. Supp. 1498 (N.D. Ga. 1997), described the exhaustion requirement following AEDPA:

> The AEDPA preserves the traditional exhaustion requirement which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure in state court. 2254(b)(1)(A) & (C). The AEDPA also leaves undisturbed the holding in *Rose v. Lundy*, 455 U.S. 509 (1982), that a "mixed" petition containing both exhausted and non exhausted claims, must be dismissed under the exhaustion requirement, 455 U.S. at 510, 102 S. Ct. at 1199.
>
> The AEDPA, however, contains two significant changes. First, the AEDPA eliminated a district court's ability to infer a state's waiver of the exhaustion requirement from the state's failure to expressly invoke the exhaustion requirement. 2254(b)(3)(footnote omitted). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. *Id.; Hernandez v. Johnson*, 108 F.3d 554, 564-65 (5th Cir. 1997).
>
> Second, AEDPA confers upon a district court the discretion to deny a habeas petition on the merits, notwithstanding the petitioner's failure to exhaust the remedies available in state court. 2254(b)(2).

4

Our circuit in *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir.), *cert. denied*, 118 S. Ct. 126 (1997), construed this to mean that the court should consider an unexhausted claim when it is without merit and "belated application of the exhaustion rule might simply require useless litigation in the state courts." *Granberry v. Greer*, 481 U.S. 129, 133, 107 S. Ct. 1671, 1674 (1987).

6. In the instant action, Respondents allege that Coelho presents a mixed petition. Respondents submit that Coelho exhausted his speedy trial claim, and his ineffective assistance of counsel claim as it related to counsel's failure to call three potential witnesses. However, Coelho, through his federal habeas, alleges that his counsel was ineffective for failing to call his wife to testify on his behalf. This claim has never been presented in state court. The case at bar presents a situation where the "interests of comity and federalism--as well as the conservation of overburdened judicial resources--are better served if the federal court addresses the merits of the habeas petition regardless of the petitioner's failure to exhaust the claims in state court." *Gaylor*, 962 F. Supp. at 1498 (citing to *Hoxsie*, 108 F.3d at 1242-43). The Court will therefore consider the merits of Coelho's petition.

7. The Court is mindful of the changes AEDPA made to the standard of review a federal habeas court must use when assessing a state court's adjudication. AEDPA provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

5

28 U.S.C. § 2254(d)(1) and (2).  AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms, and, as a result, there is a split among circuits construing this section. AEDPA was aptly described by the First Circuit as follows:

> AEDPA is hardly a model of clarity [observing that] in a world of silk purses and pigs' ears, [AEDPA] is not a silk purse of the art of statutory drafting" and its standard of review provision if far from self-explicating.

*O'Brien v. DuBois,* 145 F.3d 16 (1st Cir. 1998).  Consequently, a wide variety of interpretations have been given to these provisions.  *See Atley v. Ault,* ___ F. Supp.2d ___, 1998 WL 544758 (S.D. Iowa Aug. 24, 1998)(compilation of law review articles).  There is a consensus that standard is much stricter under AEDPA and that greater deference is given state court determinations.  The question among circuits is how much deference must a federal court accord a state court decision.  Some circuits have held that AEDPA imposes a standard of almost complete deference.  *See Neelley v. Nagle,* 138 F.3d 917 (11th Cir. 1998); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998).  Other courts have held that the level of deference cannot be so deferential as to interfere with the federal court's power to decide cases.  *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).  Our circuit employed the standard set forth in *Drinkard* in *White v. Scott,* 141 F.3d 1187 (table), 1998 WL 165162 (10th Cir. April 9,1998)(No. 97-628).  Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> [A]n application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect.  In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*Id.* 97 F.3d at 769.  Finally, state factual findings, including credibility determinations, are given the presumption of correctness absent a showing by clear and convincing evidence that the presumption does not apply.  28 U.S.C. § 2254(e)(1); *Houchins v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

    8.  Coelho contends that his right to a speedy trial was denied.  He posits that due to the fourteen-month dely in bringing him to trial, he lost the testimony of one witness who moved away and two who died.

    9.  The New Mexico Court of Appeals, when examining this claim, looked to and applied the factors outlined in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 2192 (1972).  Those factors are: length of the delay, reasons for the delay, defendant's assertion of the right and prejudice to the defendant.  Here, while arguably there was a fourteen-month delay, the court found on balance no speedy trial problem.  The court found it significant that Coelho did not assert his right until the eve of trial, Coelho acknowledged little prejudice because of the loss of the three witnesses, and much of the delay was caused by his own failure to appear.  The remaining time was due to normal case load pressures.  The Court finds that the state court decision is not so clearly incorrect that it would be debated among reasonable jurists.  This ground is without merit.

    10.  Coelho also alleges ineffective assistance of counsel.  Coelho alleges he was prejudiced at trial because, as a result of trial delay, he lost the testimony of two witnesses.  One, a police officer, moved from the jurisdiction, and the other, who saw him prior to his release from jail, died.  Their testimony would go to the type of footwear he was wearing at the time of the domestic violence incident.  Coelho claims he was barefoot and not wearing boots.  Coelho appears to argue that without boots there could not have been a battery.

11. To establish a claim of ineffective assistance of counsel, a petitioner must show that his counsel's representation was deficient and that he was actually prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court's review of counsel's performance is "highly deferential." We afford a strong presumption that it was within the wide range of professionally competent assistance. *Id.* at 689. To establish actual prejudice, the petitioner must show that, in the absence of unprofessional errors, there is a reasonable probability that "the result of the proceeding would have been different." *Id.* at 694.

12. The state court record reveals that the lost testimony as described would have been of little consequence. Coelho has not shown prejudice. The battery on the wife was not dependent on Coelho's wearing boots. Indeed, kicking his wife is the key, not the type of shoe attire. The Court finds the state court's rejection of this claim was not an unreasonable application of the legal principles of *Strickland* to the factors of this case. The brevity of the state's court's decision is not controlling. Admittedly, a more thorough analysis would be helpful, but is not required. In *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998), the court discussed a perfunctory decision in light of AEDPA and observed:

> [A] detailed state court order is more likely to withstand federal judicial scrutiny. This Court will not, however, presume that a summary order is indicative of a cursory or haphazard review of a petitioners claims. "[O]f course, the better job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It does not follow that the criterion of a reasonable determination is whether it is well reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case." (quoting *H ennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.), *cert denied*, 118 S. Ct. 72 (1997).

13. Similarly, Coelho states that counsel should have compelled his wife to testify. Here, the wife was the victim of the alleged battery. The decision to put a witness on the stand is a tactical one and well within the realm of professional judgment. The Court finds that Coelho has not met the standard under *Strickland* and is not entitled to relief on this claim.

## **Recommended Disposition**

That Respondents' Motion to Dismiss be denied and that the petition be dismissed with prejudice.

                                                Lorenzo F. Garcia
                                                United States Magistrate Judge

PETITIONER:
David Coelho, pro se

COUNSEL FOR DEFENDANTS:
Elizabeth Major Blaisdell, Esq.